**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEAN E. RODRIGUEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>PEOPLE READY,<br><br>            Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 23-20781 (KMW-SAK)<br><br>MEMORANDUM OPINION AND ORDER |

WHEREAS, the Court approved Plaintiff's Application to Proceed in Forma Pauperis on April 1, 2024 (ECF No. 3); and

WHEREAS, the Court now undertakes *sua sponte* screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2); and

WHEREAS, Plaintiff asserts that Defendant violated 42 U.S.C. § 1983; and

WHEREAS, to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that plaintiff has 1) been deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by "a person acting under the color of state law." *Moses v. Wayfair, LLC*, No. 20-5278, 2021 WL 6197379 at *3 (D.N.J. Dec. 30, 2021).

WHEREAS, when a defendant is a private employer or employee, to demonstrate whether defendant has acted "under the color of law," a plaintiff must allege that 1) the defendant has performed a public function traditionally reserved for the state, 2) the defendant has acted "with the help of or in concert with State officials," or 3) the defendant has a "symbiotic relationship" with the State. *Id.*

WHEREAS, Plaintiff's Complaint does not contain any averments to suggest that Defendant, a staffing agency, has acted in a traditional public function, has acted in concert with public officials, or has established a symbiotic relationship with any State.

WHEREAS, Plaintiff's Complaint does not articulate whether plaintiff has experienced discrimination directly based on "creed" or "expression," or what the "expression" was at issue for the Court to review, nor does plaintiff explain how Defendant injured her, and thus the Complaint fails to satisfy Federal Rule of Civil Procedure 8(a)(2) which requires a short and plain statement of the claim showing the basis for relief, to give the defendant fair notice of what the claim is and the grounds on which the claim rests. *See id.* at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted).

WHEREAS, the Court acknowledges that when a plaintiff is proceeding *pro se*, as here, the Complaint is to be "liberally construed," and be held to less stringent standards than applied to the moving papers drafted by lawyers, however such pleadings must still comply with the Federal Rules of Civil Procedure and must allege sufficient facts to support a claim. *Id.* (citations and quotations omitted). Therefore,

IT IS HEREBY on this ___ day of September, 2024,

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and

**FURTHER ORDERED** that Plaintiff has thirty (30) days from the issuance of this Order to file an Amended Complaint that addresses the deficiencies outlined herein; and

**FURTHER ORDERED** that the Clerk of the Court mail this Memorandum and Order; and

**FURTHER ORDERED** that if Plaintiff fails to file an Amended Complaint within thirty (30) days from the issuance of this Order, the Clerk of the Court shall close this case without further Order of the Court.

_/s/ Karen M. Williams_
KAREN M. WILLIAMS
United States District Judge
